## ELDRIDGE *vs.* SPENCE ET ALS.

1. If a sheriff seize two slaves under execution and deliver them to his overseer, who, without securing or confining them, attempts to carry them to the county jail for safe keeping, and in doing so, one of them escape, the sheriff is liable to the plaintiff to the extent of its value.
2. Where a sheriff, by suffering a slave seized under execution to escape, has incurred a liability to the plaintiff, a subsequent levy of the execution on other property, which fails to yield enough for its satisfaction, will not exempt him from the liability.

Error to the Circuit Court of Talladega. Tried before the Hon. Thos. A. Walker.

This was a rule against the sheriff, Solomon Spence, for failing to make the money on an execution placed in his hands in favor of the plaintiff in error against one Wm. H. Moore. By the bill of exceptions the following facts are made to appear : Spence on the 2d day of August 1842, by direction of the plaintiff, levied on and took into his possession, three

slaves, as the property of said Moore, and delivered two of them to Wilson, the overseer on his plantation, to be carried to and lodged in the jail of Talladega county. The overseer was not accompanied by the sheriff, nor were the slaves in any manner confined, they being on foot, and the overseer on horseback. When they reached the jail, and whilst the overseer was dismounting, one of the slaves ran off. The overseer pursued him on foot until he was out of breath, but did not succeed in retaking him. After the escape of this slave the sheriff afterwards levied the execution on two other slaves that he had previously seized under an execution in favor of the Br. Bank at Montgomery and sold them, but they did not bring an amount sufficient to satisfy the plaintiff's execution, and the other executions in the sheriff's hands. The court gave four charges to the jury, the third and fourth of which are all that are necessary to be noticed. 3d. That if they believed from the evidence that the overseer was a trusty man and had used due diligence to prevent the escape, then the sheriff was not liable: 4th, that if after the first levy and escape of one of the slaves, the sheriff levied on other property which was sufficient under all the circumstances to satisfy the plaintiff's demand, and in consequence of the sale being forbidden, when the property was offered, without the fault of the sheriff, it sold for less than its value, the sheriff was not liable.

To the charges of the court the plaintiff excepted and now assigns them as error.

WHITE & PARSONS, for the plaintiff:

1. When property is once seized by the sheriff he has a special property in it, and he had a right to sue for it or retake it under the execution, and is answerable to the plaintiff for the value. Watson's Sheriff, 191; Easley v. Walker, 10 Ala. Rep. 671. Having levied upon property sufficient to satisfy the execution, the sheriff is bound to keep it safely, and if rescued he is liable to the plaintiff for its value.—Sly v. Finch, Cro. Jac. 514; Webb v. Bumpass, 9 Porter, 201; Sewall v. Mattoon, 9 Mass. Rep. 535; Leavitt v. Smith, 7 Ala. Rep. 183. Sheriff levying upon goods is bound for their value, and it is no excuse that they are rescued out of his hands—Clerk v. Withers, 2 Raymond's Rep. 1072; Mildmay v. Smith, Saund. Rep. vol.

3, 684, case 57; Wadsworth v. Parsons, 6 Ohio, 449; Com. Digest, tit. Res. d. 7, mar. 278, vol. 7; Bacon's Ab. Rescue, E. vol. 8, 589.

2. What was due diligence, the facts being found, was a question of law and should not have been left to the jury.

3. The second levy was illegal, and of course could bind no one not participating in it.—Cutter v. Calver, 3 Cow. 30; Arnold v. Fuller, 1 Ham. 458; Mickles v. Haskin, 11 Wend. 125; Campbell v. Spence and others, 4 Ala. Rep. 543.

RICE & MORGAN, for defendants:

1. If " due diligence" was used, to collect the plaintiff's money, and the sheriff acted without fault in the matter, he could not be lawfully or justly required to do more.

2. If " due diligence" was used it makes no difference in law whether due diligence was used by the sheriff in person or by a person selected by him to act in the premises. Walker v. Easley, 10 Ala. Rep. 671; Governor v. Gibson, 14 Ala. Rep.

3. The first three charges refer the question of due diligence to the jury distinctly, and the fourth charge refers to the jury to determine the sufficiency of the last levy, and whether the omission to make the money was without fault on the part of the sheriff—it is in strict conformity to the decisions of this court.—Governor v. Powell, 9 Ala, 36 and 83.

4. There were two levies; the one made after the escape was on property sufficient to satisfy the debt, which was sold, but in consequence of objections made at the time of the sale, it failed to bring enough, although it was worth enough.

DARGAN, C. J.—The defendant, Spence, as sheriff, levied on three slaves, the property of the defendant in execution, and delivered two of them to his overseer to be carried to the county jail for safe keeping. The slaves were not in any manner confined, and one of them escaped and has never been retaken. The overseer endeavored to prevent his escape and ran after him until overcome with fatigue. Upon this evidence the court instructed the jury, that if they believed from the evidence, that the overseer was a trusty man, and had used due diligence to prevent the escape, then the sheriff was not liable.

A sheriff is certainly not an insurer of the goods seized by him on legal process, whether final or mesne, and if they are lost or destroyed without neglect on his part, he cannot be held responsible for their value; as if a chattel die, or goods be burnt without his neglect or fault, he cannot be held liable for them.—Jenner v. Joliffe, 6 Johns. 12; Brownery v. Hanferd, 5 Hill, 588; Bridges v. Perry, 14 Verm. 262. But if the sheriff does not use due diligence to secure the goods and preserve them from waste or destruction, he must be held liable for their value. If he levy on slaves or cattle and suffer them to remain in such a condition that they may escape from him, if they will, when he had the power so to secure or confine them that they could not make their escape, he must be held liable, for the escape was owing to his neglect. He had the power to secure them so that they could not escape, but he omitted to do so; this omission is neglect, for which he is responsible. Guided by these rules, we are clearly of the opinion that the sheriff is liable for the escape of the slave. He places two under the charge of the overseer, to be conveyed to the county jail—they were not confined in any manner, but could escape if they thought proper, and one did escape. The sheriff must therefore be held liable for his value, for he could have so secured him as to prevent his escape. If the sheriff thought it necessary to confine two of the slaves in jail for safe keeping, we think he was guilty of neglect in sending them under the control of one man, they not being in any manner confined or restrained of their liberty. But there is still another reason why he should be held liable. The levy gave him a special property in the slaves, and vested title in him, subject, however, to be defeated upon the payment of the money due on the execution. He may yet reclaim the slave, if he can be found, but there is no evidence whatever that any effort has ever been made to regain the possession of him. In the absence of all proof that the sheriff has used any effort to recover possession of the slave since his escape, we are forced to the conclusion, that he has been guilty of neglect. Ordinary diligence required him soon after the slave had escaped, to use all reasonable efforts to retake him, and certainly he must be held liable for the want of ordinary care. As the evidence cannot excuse the sheriff, the court should have

instructed the jury, that he was liable for the value of the slave, for taking every fact to be true that the testimony tends to prove, and still they afford the sheriff no protection against the demand of the plaintiff. Nor can he claim to be exempted from liability because he afterwards made a further levy on two slaves that he had previously levied on by virtue of an execution in favor of the Branch Bank at Montgomery. These two slaves did not yield more than enough to pay the debt due the Bank. The plaintiff's debt therefore remains unsatisfied, without any fault of his, and he is entitled to the value of the slave that escaped from the sheriff in satisfaction of it.

The judgment must be reversed, and the cause remanded.

CHILTON, J., not sitting.